JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 —   (Website: www.akb.uscourts.gov)
Clerk's Office: 907-271-2655 (1-800-859-8059 In-State) — Judge's Fax: 907-271-2692

| | |
|---|---|
| Case No. F12-00501-HAR<br><br>In re MARGARET A. BERTRAN,<br><br>Debtor(s) | In Chapter 7 |
| DONALD A. TANGWALL, Trustee of the Toni 1 Trust,<br><br>    Plaintiff and Counter-Defendant<br>  v.<br><br>LARRY D. COMPTON, Bankruptcy Trustee,<br><br>    Defendant and Counter-Claimant,<br><br>BARBARA WACKER and WILLIAM WACKER, jointly and severally,<br><br>    Defendants. | Adv Proc No F-12-90037-HAR<br><br>MEMORANDUM DECISION FOR ENTRY OF DEFAULT JUDGMENT UNDER 11 USC § 548(a)(1)(A) ON TRUSTEE'S COUNTERCLAIM [ECF No. 24] |

<u>CONTENTS</u>                                                                                                   Page

1. <u>SUMMARY OF DECISION</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

2. <u>LAW GOVERNING ENTRY OF A DEFAULT AND DEFAULT JUDGMENT</u> . . . . . . . . . . . . 2
    2.1. <u>Entry of Default for Failing to Appear Through Counsel</u> . . . . . . . . . . . . . . . . . . . . . . . 2
    2.2. <u>Entry of Default Judgment</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3. <u>FACTUAL AND PROCEDURAL BACKGROUND</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    3.1. <u>The Cast of Characters</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    3.2. <u>The Properties Transfered</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    3.3. <u>The $137,000 Montana Lawsuit, Case No. DV-09-073</u> . . . . . . . . . . . . . . . . . . . . . . . 7
    3.4. <u>The Montana Fraudulent Transfer Lawsuit, Case No. DV-11-066</u> . . . . . . . . . . . . . . . 7
    3.5. <u>Margaret Bertran Files Chapter 7 in Alaska</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    3.6. <u>Donald A. Tangwall, Trustee of Toni 1 Trust, Files This Adversary in Alaska, F12-90037-HAR</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    3.7. <u>Order to Show Cause Why Plaintiff Should Not Be Required to Appear Through an Attorney</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

| | CONTENTS | Page |
|---|---|---|
| 4. | LEGAL ANALYSIS SUPPORTING FRAUDULENT TRANSFER DEFAULT JUDGMENT | 13 |
| 5. | **CONCLUSION** | 16 |

1. **SUMMARY OF DECISION**- The court entered a default on Larry Compton's counterclaim against plaintiff.[1] Compton has now moved for entry of a default judgment.[2] There is sufficient information available from the record in this case for the court to enter a judgment without conducting a prove-up hearing. The court concludes that the debtor's conveyance of two parcels of real estate in Roundup, Montana, are fraudulent transfers under 11 USC § 548(a)(1)(A).

2. **LAW GOVERNING ENTRY OF A DEFAULT AND DEFAULT JUDGMENT**-

2.1. **Entry of Default for Failing to Appear Through Counsel**- The court ruled on August 14, 2013 that Tangwall cannot represent the plaintiff under Ninth Circuit case law.[3] Under established Ninth Circuit case law, failing to appear through counsel, where required, can subject a party to default.[4] A default was entered against plaintiff.[5]

2.2. **Entry of Default Judgment**-     The court considers the *Eitel* factors in making the decision whether or not to enter a default judgment against the plaintiff. Those factors are:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

---

[1] *Entry of Default on Trustee's Counterclaims [ECF Nos. 24 and 49]*. ECF No. 61.

[2] *Motion for Entry of Final Judgment.* ECF No. 67.

[3] *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987).

[4] *Employee Painters Trust v. Ethan Enterprises, Inc.*, 480 F.3d 480, 499 (9th Cir. 2007); *Lehman Brothers Holding, Inc. v. IZT Mortgage, Inc.*, 2011 WL 2313601, *2-3 (N.D. Cal. 2011).

[5] ECF No. 61.

MEMORANDUM DECISION FOR ENTRY OF
DEFAULT JUDGMENT UNDER 11 USC § 548(a)(1)(A)
ON TRUSTEE'S COUNTERCLAIM [ECF No. 24]                                                                                   Page 2 of 17

excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[6]

In applying the factors to this adversary, "plaintiff" refers to defendant, counterclaimant Compton.

Most significant is the first factor, prejudice to Compton. Compton is an Alaskan bankruptcy trustee dealing with two parcels of real estate in a remote area of Montana. One is a ranch and one is a commercial building. His duty is to take charge of bankruptcy estate property, protect it, and liquidate it for the benefit of creditors. A delay in resolution will greatly prejudice his ability to perform his duties and put the properties at risk.

Tangwall, the individual (who occupies the same body as Tangwall, the trustee), Barbara Tangwall and the debtor have been in at least two lawsuits with the Wackers, and never addressed the merits of any case. The Montana courts have labeled Tangwall a vexatious litigant.[7] While the court has tried not to be swayed by this allegation, his *modus operandi* in this adversary suggest there is merit to the claim.

Tangwall has been coy about providing information, and to the extent he has been responsive, has raised inherent questions about the *bona fides* of his assertions ( e.g. that Toni Trust and Toni 1 Trust are one and the same, governed by one written trust document; under Montana law, a trust must be established by clear and convincing evidence[8]).

The merits of the present adversary, as described in Sections 3 and 4 of this memorandum decision strongly favor Compton.

---

[6] *Eitel v McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1980).

[7] ECF No. 13-7. *Order Declaring Don Tangwall a Vexatious Litigant* in Case No. DV-11-08, *Don Tangwall and Margaret Bertran v. William J. Edwards, et al.* Montana Fourteenth Judicial District Court, Musselshell County, dated May 10, 2011.

[8] *Boehm v. Cokesdale, LLC*, 261 P.3d 994, 997 (Mont. 2011).

There is no excusable neglect claimed by Tangwall, and none exists with respect to entry of the default. He cannot find an attorney, not because none are available, but none "understand" his claim to allodial title. A current Westlaw search in the Allcases database brings up 74 cases. Over half are from Hawaii, which has a statute discussing alloidal ownership, but in a different context than plaintiff apparently intends. All the other cases hold that claims of alloidal title are an archaic concept, akin to claiming absolute ownership that is not subject to the claims of other entities. In a word, these cases say that claims that real property is held in allodial title are magical thinking.[9]

The *Eitel* factors favor entry of a default judgment as a result of Tangwall's default.

FRBP 7055 incorporates FRCP 55(b) governing the entry of a default judgment by the court:

> (b) Entering a Default Judgment.
>
>> (1) By the Clerk. ···.
>>
>> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. ···. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court *may* conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate judgment, it needs to:
>>
>>> (A) conduct an accounting;
>>>
>>> (B) determine the amount of damages;
>>>
>>> (C) establish the truth of any allegation by evidence; or
>>>
>>> (D) investigate any other matter. [emphasis added]

---

[9] *United States v. Manke*, 2012 WL 1898757, *7 (W.D. Mo. 2011); *Bray v. Bank of America*, 2011 WL 30307, *12-13 (D. N.D. 2011); *Britt v. Federal Land Bank Assoc. of St. Louis*, 505 N.E.2d 387, 392-93 (Ill. App. 1987).

The court is given considerable leeway in what to require as a prerequisite to the entry of a default judgment and whether or not to enter a default judgment at all.[10]

When requested to enter a default judgment, the court may accept all well-plead allegations in the complaint as true, except those related to the amount of damages.[11] Compton's counterclaim identified the property involved, the transfers, lack of consideration, the close juxtaposition of a subsequent judgment against debtor by the Wackers, and alleges an actual intent to defraud, hinder or delay.

In addition, the record is rich with information from which to draw inferences (or, identify "badges of fraud") due to statements in the numerous motions brought by plaintiff, papers in the main case, and statements made by Tangwall in at least one extensive hearing. These are more than sufficient to support entry of a default judgment without a prove-up hearing.

Plaintiff's dilatory and obstructionist approach to this litigation also supports entry of a default judgment, as discuss below.[12]

3. **FACTUAL AND PROCEDURAL BACKGROUND**-

3.1. **The Cast of Characters**[13] - The cast of characters involved in this adversary is:

---

[10] *In re Villegas*, 132 B.R. 742, 746 (9th Cir. BAP 1991); *In re McGee*, 359 B.R. 764, 771 (9th Cir. BAP 2006).

[11] *Massa v. Jiffy Products Co.,* Inc., 240 F.2d 702, 707 (9th Cir. 1957); *International Painters & Allied Trades Industry Pension Fund v. Executive Painting, Inc.*, 719 F. Supp.2d 45, 48-49 (DCDC 2010).

[12] *International Painters & Allied Trades Industry Pension Fund v. Executive Painting, Inc.*, 719 F. Supp.2d , at 48 ("A court has the power to enter a default judgment when a defendant [in the adversary, plaintiff] fails to defend its case properly or otherwise engages in dilatory tactics.")

[13] This background information about the characters involved is probably not contested by any party as to the identities suggested. It is derived from various papers filed in this adversary proceeding and Alaska bankruptcy court records in Case Nos. 11-00939-HAR and 12-00501-HAR, and from the Affidavit of Todd Gunderson (the Gunderson Affidavit), the Wackers' Montana attorney, found in the Wackers' *Supplemental Brief Regarding Service on Toni 1 Trust.* ECF No. 37-1, ¶¶ 1-12.

MEMORANDUM DECISION FOR ENTRY OF
DEFAULT JUDGMENT UNDER 11 USC § 548(a)(1)(A)
ON TRUSTEE'S COUNTERCLAIM [ECF No. 24]	Page 5 of 17

- Donald A. Tangwall, husband of Barbara and son-in-law of the debtor; Donald is a debtor in his own chapter 7 case in Alaska, Case No. F11-00939-HAR;
- Donald A. Tangwall, trustee of Toni 1 Trust;
- Barbara Tangwall, wife of Donald and daughter of the debtor;
- Margaret "Toni" Bertran, the debtor, and the mother-in-law of Donald and mother of Barbara;
- Larry Compton, chapter 7 trustee in the Alaska Bankruptcy Case Nos. F12-00501-HAR and F11-00939-HAR; and,
- Barbara and William Wacker are Montana creditors of the debtor and Barbara; they have a $137,000 Montana judgment against Barbara, the debtor and Donald, individually; they also have a subsequent Montana judgment against Toni 1 Trust, Barbara and the debtor that the transfers of two Montana parcels by Barbara and debtor to Toni 1 Trust were fraudulent under Montana's Uniform Fraudulent Transfer Act.

3.2. **The Properties Transferred**- This adversary and the Montana Uniform Fraudulent Transfer Act (UFTA) litigation described below involve the same two parcels of Montana real property:

- The "Ranch Property," is a 13 acre parcel in Roundup, Montana. Title was held as tenants-in-common by Barbara Tangwall and the debtor. They transferred title to Toni 1 Trust by warranty deed recorded on February 25, 2011[14]; and,

---

[14]The deed is dated December 20, 2010, and recorded in Musselshell County, Montana, on February 25, 2011. ECF No. 13-3 and ECF No. 1, at page 29 (plaintiff's complaint).

MEMORANDUM DECISION FOR ENTRY OF
DEFAULT JUDGMENT UNDER 11 USC § 548(a)(1)(A)
ON TRUSTEE'S COUNTERCLAIM [ECF No. 24]   Page 6 of 17

- The "Commercial Property," is a flower shop and bakery located in Roundup. Title was held by just the debtor alone. She transferred it to Toni 1 Trust by a warranty deed, recorded on in February 25, 2011[15].

Compton seeks only to avoid the debtor's transfers, which will become property of the bankruptcy estate pursuant to 11 USC § 541(a)(3) if he prevails. He does not seek to effect the transfer of Barbara Tangwall of any interest she held in the Ranch property.

3.3. **The $137,000 Montana Lawsuit, Case No. DV-09-073**- The Wackers were awarded a $137,551.47 judgment against Barbara Tangwall, Margaret "Toni" Bertran, and Donald A. Tangwall on May 17, 2011.[16]

3.4. **The Montana Fraudulent Transfer Lawsuit, Case No. DV-11-066**- The Wackers brought a fraudulent transfer suit under the Montana UFTA against Toni 1 Trust, the debtor and Barbara to establish that the two February 2011 transfers were fraudulent as to the Wackers.[17]

The Wackers obtained a default judgment against Toni 1 Trust, and summary judgment was awarded against the debtor and Barbara that the transfers were fraudulent.[18]

As described below, plaintiff in the present adversary argues that the judgment against Toni 1 Trust is void due to improper service in the Montana UFTA case. The court has tentatively

---

[15] The deed is dated December 20, 2010, and recorded in Musselshell County, Montana, on February 25, 2011. ECF No. 13-4 and ECF No. 1, at page 30 (plaintiff's complaint).

[16] Case No. DV-07-093, <u>Donald A. Tangwall, Plaintiff, vs. Barbara Wacker, William Wacker, and Bootprint Ranch, individually, jointly and severally, Defendants and Third-Party Plaintiffs, vs. Barbara Tangwall, et al, Third Party Defendants</u>, Montana Fourteenth Judicial District Court, Musselshell County. A copy of the judgment is located at ECF No. 13-5. *See, also*, the Gunderson Affidavit. ECF 32-1, ¶ 2(2).

[17] Case No. DV-11-066, <u>William Wacker and Barbara Wacker, Plaintiffs, vs. Toni 1 Trust, Margaret A. "Toni" Bertran, and Barbara G. Newland-Tangwall a/k/a Barbara Newland-Tangwall, Defendants</u>, Montana Fourteenth Judicial District Court, Musselshell County. *See, also*, Gunderson Affidavit. ECF No. 37-1, ¶¶ 5-7 and Exh. F., at pages 17-23.

[18] Gunderson Affidavit. ECF No. 37-1, ¶¶ 7-11 and Exh. N., at pages 17-23.

MEMORANDUM DECISION FOR ENTRY OF
DEFAULT JUDGMENT UNDER 11 USC § 548(a)(1)(A)
ON TRUSTEE'S COUNTERCLAIM [ECF No. 24]                                                          Page 7 of 17

agreed with the plaintiff's position on this issue, after inviting defendants to provide contrary authority. Defendants have failed to do so.[19]

    3.5. **Margaret Bertran Files Chapter 7 in Alaska**- The debtor filed a chapter 7 petition in Alaska on August 17, 2012. Larry Compton was named as the chapter 7 trustee.

    In her Schedule A- Real Property, she claims the "Commercial Property" as being held in fee simple ("residential house converted to flower shop") with a value of $200,000. She claims the "Ranch Property" as her residence, owned in joint tenancy ("owned jointly with daughter Barbara in a revocable trust"). The ranch is valued at $250,000.[20]

    Judge MacDonald ruled that the Ranch Property was not debtor's residence and denied her motion to avoid the Wacker's judgment lien under 11 USC § 522(f)(1)(A).[21] He held that she was collaterally estopped by the Montana judgment in Case No. DV-11-066 to claim a homestead exemption, and that events closer to the filing of her chapter 7 confirmed that the property was not her residence when she filed.[22] The court (Judge Ross) inherited the case and this adversary after Judge MacDonald retired and Judge Spraker developed a conflict.

    3.6. **Donald A. Tangwall, Trustee of Toni 1 Trust, Files This Adversary in Alaska, F12-90037-HAR**- Donald Tangwall, as Trustee of Toni 1 Trust filed, a complaint against bankruptcy trustee Compton and the Wackers on December 20, 2012. Tangwall raised all manner of claims against the defendants,[23] most of which the court found to be without substance. Of the

---

[19] *Tentative Ruling to Deny Defendants' Motions for Summary Judgment [ECF Nos. 13 and 14]*. ECF No. 51.

[20] In the main case, Case No. 12-00501-HAR. Schedule A - Real Property. ECF No. 17, page 3 of 26.

[21] In the main case, ECF No. 23.

[22] In the main case, ECF Nos. 39 and 40 (memorandum and order).

[23] ECF No. 1.

MEMORANDUM DECISION FOR ENTRY OF
DEFAULT JUDGMENT UNDER 11 USC § 548(a)(1)(A)
ON TRUSTEE'S COUNTERCLAIM [ECF No. 24]    Page 8 of 17

five counts, the court has dismissed four in a non-final partial summary judgment on the court's own motion.[24]

The complaint indirectly raised one valid point: whether service on Toni 1 Trust in Montana Case No. DV-11-066 was so defective as to make the fraudulent transfer judgment against it void. The defendants filed separate summary judgment motions to establish the collateral estoppel effect of the Montana judgment against the plaintiff.[25] Plaintiff opposed the motions alleging improper service among other things.[26]

At the summary judgment hearing on June 5, 2013, the court observed that the plaintiff raised a serious point when claiming the service in the Montana UFTA case was invalid. The court called for supplemental briefing.

In colloquy at the hearing, the court inquired about the confusion arising because plaintiff used "Toni 1 Trust" and "Toni Trust" interchangeably.[27] The court specifically asked if there was a formal document establishing "Toni 1 Trust." Mr. Tangwall assured the court that there was, but only one for both entities.[28] The court was skeptical as noted in the Proceeding Memorandum. It suspected that "Toni 1 Trust" may not have been in existence on February 25, 2011, the date when the deeds granted it title to the two parcels.[29]

---

[24] *Partial Summary Judgment Dismissing Causes II-V of the Complaint*. EFC No. 33.

[25] ECF Nos. 13 and 14.

[26] ECF No. 15.

[27] Although there is no transcript, the colloquy can be heard on the FTR Gold court recording system at the following coordinates: FTR Gold Audio of June 5, 2013 hearing at 9:31:17 through 9:32:18 a.m.

[28] FTR Gold Audio of June 5, 2013 hearing at 9:32:01 a.m. In his *Response to Compton and Wacker's Joint Motions for Summary Judgment*, plaintiff makes the enigmatic statements: "Toni and Toni 1 Trust 'are not entities that are separate from its Trustees' . . .") and similar references throughout). ECF No. 15.

[29] *Proceeding Memorandum* for June 5, 2013 hearing, ECF No. 18 ("Mr. Christianson will file a motion
(continued...)

MEMORANDUM DECISION FOR ENTRY OF
DEFAULT JUDGMENT UNDER 11 USC § 548(a)(1)(A)
ON TRUSTEE'S COUNTERCLAIM [ECF No. 24]　　　　　　　　　　　　　　　　　　　　　　　Page 9 of 17

The court ordered Mr. Tangwall to produce copies of the trust documents that established Toni 1 Trust.[30] To date, he has not.

At the June 5, 2013 hearing on defendants' motions for summary judgment, the court said it did not know enough about the facts, nor had it been adequately briefed on the law, to rule that collateral estoppel applied against Toni 1 Trust. It asked for supplemental briefing by July 22, 2013.[31] The Wackers filed a supplemental brief.[32] The plaintiff, however, blitzed the court with a number of weak, obfuscating motions, most of which the court has ruled upon or issued tentative decisions for:

- Tangwall filed an answer to Compton's counterclaim under §§ 544 and 548, which included a "third party complaint" against the Wackers.[33] The court *sua sponte* struck the proposed third party complaint, and told Tangwall to

---

[29](...continued) on 14 days notice to require Mr. Tangwall to produce documents and information regarding the Toni 1 Trust and Toni Trust.") and the court's attached outline, ECF 18-1 ("TANGWALL'S RESPONSE TO MOTIONS FOR SUMMARY JUDGMENT (ECF No. 15) [NOTE: motion talks about Toni Trust and Toni 1 Trust; query: Toni Trust?]").

[30]*See*, *Trustee's Motion for Entry of Order Directing Donald A. Tangwall to Produce Documents and Information*, ECF No. 25; *Objection to Trustee's Motion for Entry of Order Directing Tangwall to Produce Documents and Information File 06/12/2013*, ECF No. 27; *Order Overruling Plaintiff's Objection to Motion to Produce Documents and Information*, ECF No. 31; *Order Directing Donald A. Tangwall to Produce Documents and Information*, ECF No. 32 (vacated in part by an order at ECF No. 36). Tangwall asked for clarification as to whether the order to produce was to him personally or him as trustee. ECF No. 38. The court answered it applied to him as trustee. ECF No. 41.

[31]ECF No. 18, ¶ 5.

[32]ECF No. 37.

[33]ECF No. 28.

MEMORANDUM DECISION FOR ENTRY OF
DEFAULT JUDGMENT UNDER 11 USC § 548(a)(1)(A)
ON TRUSTEE'S COUNTERCLAIM [ECF No. 24]                                                          Page 10 of 17

- file a FRBP 15 motion if he wanted to amend his complaint against the Wackers.[34]

- Tangwall filed a motion in the adversary to remove Larry Compton as trustee, saying "Larry D. Compton, bankruptcy trustee, no longer meets the criteria for being the bankruptcy trustee in this case."[35] Compton opposed.[36] The motion appeared to be frivolous. A hearing was set on the motion on Wednesday, August 14, 2013, and it was denied.

- Tangwall filed a *Motion for Summary Judgment* on July 23, 2013, essentially challenging the trustee's standing.[37] The court said these issues were already being addressed in the defendants' initial motions for summary judgment filed by Compton and the Wackers, and the determination of this new motion filed by Tangwall would be subsumed in those prior motions.[38]

- A joint motion for intervention was filed by Tangwall, in his individual capacity, and the debtor, so that they could respond to Compton's counterclaim against Tangwall as trustee of Toni 1 Trust.[39] The court issued a tentative ruling that the motion would be denied since the counterclaims did not seek relief against Tangwall, the individual, or the debtor. The court

---

[34] ECF No. 30.

[35] ECF No. 39.

[36] ECF No. 47.

[37] ECF No. 40.

[38] ECF No. 44, saying the matters raised in ECF No. 40 are subsumed in the motions already pending in ECF Nos. 13 and 14.

[39] ECF No. 43.

MEMORANDUM DECISION FOR ENTRY OF
DEFAULT JUDGMENT UNDER 11 USC § 548(a)(1)(A)
ON TRUSTEE'S COUNTERCLAIM [ECF No. 24]                                                Page 11 of 17

said it was a transparent effort to avoid a default if Tangwall, the trustee, did not get an attorney by July 26, 2013.[40] A hearing was set on the motion on Wednesday, August 14, 2013, and it was denied.

- Tangwall, the trustee, filed a *Motion for Summary Judgment* on July 29, 2013. It alleged defects in the $137,000 judgment in the Wackers' Montana Case No. DV-07-093 and in service of Barbara in the fraudulent transfer case, Case No. DV-11-066.[41] The court tentatively ruled that the motion was so procedurally and substantively deficient that it would be denied.[42]

3.7. **Order to Show Cause Why Plaintiff Should Not Be Required to Appear Through an Attorney**- During the hearing on defendants' motions for summary judgment on June 5, 2013, the court said it may be that the trustee Tangwall had to appear through an attorney.[43] The court's research verified that this was required by the Ninth Circuit case law. An *Order to Show Cause Why Plaintiff Should Not Be Required to Appear Through an Attorney*, giving plaintiff until Friday, July 26, 2013, to file an objection or have an attorney appear for plaintiff.[44]

Tangwall filed an opposition on July 26, 2013, trying to distinguish the case cited by the court and saying that he was "allodial owner to the Trust's real property" and that it was a

---

[40] ECF No. 45.

[41] ECF No. 46

[42] ECF No. 52.

[43] FTR Gold Audio of June 5, 2013 hearing at 9:37:15 a.m.

[44] ECF No. 34.

MEMORANDUM DECISION FOR ENTRY OF
DEFAULT JUDGMENT UNDER 11 USC § 548(a)(1)(A)
ON TRUSTEE'S COUNTERCLAIM [ECF No. 24]                                                          Page 12 of 17

spendthrift trust over which the beneficiaries had no control. He also said that he "has exhausted avenues and cannot find one competent lawyer who understands a common law trust."[45]

At the hearing on August 14, 2013, the court said that the archaic doctrine of allodial title had no application to this dispute. The court found that Tangwall could not represent the trust and he, as trustee, would be defaulted with respect to the counterclaims brought by Compton.[46]

4. **LEGAL ANALYSIS SUPPORTING DEFAULT JUDGMENT**- One of the four claims for relief in the counterclaim is that the debtor conveyed the two parcels by separate deeds on February 25, 2011 to Toni 1 Trust, the plaintiff, to hinder, defraud or delay in anticipation of an adverse judgment in favor of the Wackers, which is in violation of 11 USC § 548(a)(1)(A).[47] That judgment, for $137,161.47, was in fact entered in a Montana state court on May 11, 2011.

Plaintiff originally filed this adversary proceeding against trustee Compton and the Wackers on the allegations that establish, among other things, that a Montana UFTA that the February 25, 2011 transfers were fraudulent under state law was itself void for lack of proper service on Toni 1 Trust and/or Donald Tangwall, its purported trustee.

The court eventually dismissed most of plaintiff's complaint, except the implicit issue of whether the Montana fraudulent transfer judgment was void for lack of proper service. The defendants never established that the service was valid to the court's satisfaction, but Compton decided to finesse the procedural issue by bring his own fraudulent transfer claims in this bankruptcy case.

---

[45]ECF No. 42, criticizing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987):

[46]ECF Nos. 55 and 61.

[47]Counterclaim, ¶¶ 1-5, 13 and 14. ECF 2

While Compton's motion asks the court to enter a default judgment on both actual[48] and constructive fraud[49] grounds, as well as pursuant to Montana state law,[50] I find that default judgment is only appropriate for the actual fraud claim, and will only address the claim under § 548(a)(1)(A).

Compton has shown, by inference, that the two real property transfers were made to keep the property out of the hands of the Wackers, who were on the verge of obtaining a $137,000 judgment against the debtor. I draw these inferences:

- The plaintiff never established the existence of a valid Montana trust although ordered by the court to provide this basic information; a voluntary trust in Montana depends for its creation on a clear and direct expression of intent by the trustor;[51]
- The transfers were from debtor to a trust of which her son-in-law was the purported trustee; the trust was for the purported benefit of debtor's daughter and grandchildren[52];
- The transfers were made less than two months before a judgment was entered against debtor in Montana, from which the court infers that they were made to shield the property from the judgment;

---

[48] 11 USC § 548(a)(1)(A).

[49] 11 USC § 548(a)(1)(B)(ii)(I).

[50] 11 USC § 544(b)(1).

[51] *Eckart v. Hubbard*, 602 P.2d 988, 991 (Mont. 1979).

[52] FTR Gold Audio of June 5, 2013 hearing at 9:22:53 a.m. (Tangwall stated that the beneficiary of trust is Tangwall's wife and her children, but not the debtor).

MEMORANDUM DECISION FOR ENTRY OF
DEFAULT JUDGMENT UNDER 11 USC § 548(a)(1)(A)
ON TRUSTEE'S COUNTERCLAIM [ECF No. 24]                                        Page 14 of 17

- In her bankruptcy, filed about five months after the transfers, debtor claimed the Ranch was *still* her residence (a claim which Judge MacDonald did not buy); she claimed the Ranch "is the personal residence of Debtor who came to Alaska less than two years prior to filing her chapter 7 bankruptcy petition," implying that the transfer was a facade in her mind[53];

- In her amended schedules, debtor listed both properties as *still* both belonging to her in some fashion[54]; and,

- Debtor, Donald Tangwall (the individual), Barbara Tangwall, and Toni Trust (not Toni 1 Trust, the plaintiff in this adversary) appear to have a *modus operandi* of dealing through multiple entities to hide their assets from the Wackers.[55]

These inferences are badges of fraud that debtor's two real property transfers on February 25, 2011 were made with the intent to defraud, hinder or delay the Wackers.[56]

The Ninth Circuit said in *In re Acequia, Inc.*[57]:

> Although novel, Clinton's "white heart, empty head" argument ignores the use of circumstantial "badges of fraud" in fraudulent transfer cases:

---

[53] *Motion to Avoid Judicial Lien*, ECF 23 in the main case.

[54] Schedule A - Real Property in the main case, F12-00501-HAR, ECF No. 17, page 3, listing the both the Commercial Property and the Ranch Property as being in fee simple. The Ranch Property is also described as "owned jointly with daughter Barbara in a revocable trust."

[55] *See*, the copy of the *Judgment by Default (Sum Certain)*, in Case No. DV 07-93, State of Montana District Court, for $137,161.47, entered on May 9, 2008 in favor of the Wackers against nine different defendants (BDRT, L.P.: Bert Trust; Bort Limited Partnership; Diesel Don's; Friend Group, Inc.; 4 Bar B Ranch, L.P.; Baby Duck Trust; Toni Trust; and, T.W. Trickle Down Trucking, L.P.). ECF No. 37-1, page 7-8, an affidavit of debtor. The judgment was extended to Barbara Tangwall, Donald Tangwall, and the debtor in a judgment entered on May 23, 2011. ECF No. 37-1, pages 9-10.

[56] *Barclay v. MacKenzie (AFI Holding, Inc.)*, 525 F.3d 700, 704 (9th Cir. 2008); *In re Roca*, 404 B.R. 531, 543 (Bankr. D. Ariz. 2009); *In re Beverly*, 374 B.R. 221, 235 (9th Cir. BAP 2007).

[57] *In re Acequia, Inc.*, 34 F.3d 800, 805-6 (9th Cir. 1994).

MEMORANDUM DECISION FOR ENTRY OF
DEFAULT JUDGMENT UNDER 11 USC § 548(a)(1)(A)
ON TRUSTEE'S COUNTERCLAIM [ECF No. 24]                                             Page 15 of 17

> It is often impracticable, on direct evidence, to demonstrate an actual intent to hinder, delay or defraud creditors. Therefore, as is the case under the common law of fraudulent conveyance, courts applying Bankruptcy Code § 548(a)(1) frequently infer fraudulent intent from the circumstances surrounding the transfer, taking particular note of certain recognized indicia or badges of fraud.
>
> Among the more common circumstantial indicia of fraudulent intent at the time of the transfer are: (1) actual or threatened litigation against the debtor; (2) a purported transfer of all or substantially all of the debtor's property; (3) insolvency or other unmanageable indebtedness on the part of the debtor; (4) a special relationship between the debtor and the transferee; and, after the transfer, (5) retention by the debtor of the property involved in the putative transfer.
>
> The presence of a single badge of fraud may spur mere suspicion; the confluence of several can constitute conclusive evidence of actual intent to defraud, absent "significantly clear" evidence of a legitimate supervening purpose.

*Max Sugarman*, 926 F.2d at 1254–55 (emphasis added) (citations and additional emphasis omitted). *Accord, e.g.*, *Hayes v. Palm Seedlings Partners (In re Agricultural Research & Technology Group, Inc.)*, 916 F.2d 528, 534–35 (9th Cir.1990); *Kupetz v. Wolf*, 845 F.2d 842, 846 (9th Cir.1988). Thus, once a trustee establishes indicia of fraud in an action under section 548(a)(1), the burden shifts to the transferee to prove some "legitimate supervening purpose" for the transfers at issue.

Compton established the right to a default judgment by making a prima facie case based on numerous the badges of fraud.[58] Although the court has discretion to deny the granting of a default judgment, there is no reason to do so in this case. Compton is entitled to entry of a default judgment on his § 548(a)(1)(A) claim.

**5. CONCLUSION**- The court will enter a final judgment in this adversary proceeding: (a) holding that the conveyances on February 25, 2011 of the two Montana parcels of real estate was a fraudulent transfer pursuant to 11 USC § 548(a)(1)(A), and that debtor's interest in these parcels is property of her bankruptcy estate; (b) dismissing without prejudice the trustee's counterclaims

---

[58] *In re Bessette*, 226 B.R. 103, 106 (Bankr. D. Ida. 1998).

MEMORANDUM DECISION FOR ENTRY OF
DEFAULT JUDGMENT UNDER 11 USC § 548(a)(1)(A)
ON TRUSTEE'S COUNTERCLAIM [ECF No. 24]  Page 16 of 17

based on § 548(a)(1)(B) and § 544 as being moot in light of the court's ruling under § 548(a)(1)(A); and, (c) dismissing plaintiff's complaint.

DATED: October 15, 2013

/s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve:
Donald A. Tangwall, Trustee of Toni 1 Trust, π, HC10, M311, Fairbanks, AK 99701
Cabot Christianson, Esq., for Δ, Larry Compton
Larry Compton, Trustee
Erik LeRoy, Esq., for Δs Wacker
Margaret Bertran, debtor (courtesy copy)
Jason Crawford, Esq., bankruptcy attorney for debtor (courtesy copy)
Cheryl Rapp, Adv. Proc. Mgr.
Janet Stafford, Chief Deputy Clerk