JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office: 907-271-2655 (1-800-859-8059 In-State) — Judge's Fax: 907-271-2692

| | |
|---|---|
| Case No. F12-00501-HAR | In Chapter 7 |
| In re MARGARET A. BERTRAN, | |
| Debtor(s) | |
| DONALD A. TANGWALL, Trustee of the Toni 1 Trust, | Adv Proc No F12-90037-HAR |
| Plaintiff and Counter-Defendant, | **MEMORANDUM DENYING MOTION TO RECONSIDER [ECF No. 70]** |
| v. | |
| LARRY D. COMPTON, Bankruptcy Trustee, | |
| Defendant and Counter-Claimant, | |
| BARBARA WACKER and WILLIAM WACKER, jointly and severally, | |
| Defendants. | |

Donald Tangwall filed a motion for reconsideration, despite being ordered not to file papers *pro se* for plaintiff.[1]  And, the motion is without merit in any event for the following reasons:

**NO INCONSISTENCES**- There is no inconsistency in the final judgment (ECF No. 69) dismissing the complaint with prejudice, whereas a prior order (ECF No. 63) dismissed it without prejudice.  The first order left open the possibility that plaintiff might obtain counsel and resurrect his claim.  The final judgment was entered after a prove-up by Compton that he was entitled to relief under 11 USC § 548(a)(1)(A), which foreclosed the opportunity to resurrect the claim.  So, dismissal with prejudice was appropriate.

---

[1] ECF No. 55.

**ORDERS WERE ENTERED**- The motion for reconsideration mistakenly alleges that several motions were not ruled upon. An order denying intervention was entered at ECF No. 57. An order denying removal of the trustee was entered at ECF No. 56.

**ORDER FOR PRODUCTION WAS APPROPRIATE; REFUSAL TO PRODUCE WAS NOT CRITICAL TO JUDGMENT**- Plaintiff failed to produce documents ordered by the court at ECF Nos. 32 and 36. No authority is cited why this was inappropriate. Even if it was, numerous other badges of fraud exist to support the judgment.

**JOHNS V. COUNTY OF SAN DIEGO**[2]- Nowhere does this case say or imply that a counterclaim is barred against a plaintiff whose complaint was dismissed for failing to obtain an attorney.

**MERITS**- Plaintiff complains the $137,000 Montana state court judgment against debtor was deficient. It was a final judgment and one this court must recognize. There were sufficient badges of fraud, even without it, to support prove-up of a default judgment.[3]

DATED: October 30, 2013

/s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve :
Donald A. Tangwall, Trustee of Toni 1 Trust, π, HC10, M311, Fairbanks, AK 99701
Cabot Christianson, Esq., for Δ, Larry Compton
Larry Compton, Trustee
Erik LeRoy, Esq., for Δs Wacker
Margaret Bertran, debtor (courtesy copy)
Jason Crawford, Esq., bankruptcy attorney for debtor (courtesy copy)
Cheryl Rapp, Adv. Proc. Mgr.
Janet Stafford, Chief Deputy Clerk

---

[2] *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir. 1997).

[3] *See*, the court's memorandum decision in support of the default judgment. ECF No. 68, pages 13-16.