**JUDGE HERB ROSS (Recalled)**

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA

**605 West 4th Avenue, Room 138, Anchorage, AK 99501-2296 - (Website: www.akb.uscourts.gov)**
**Clerk's Office 907-271-2655 (1-800-859-8059 In-State) - Judge's Fax 907-271-2692**

|  |  |
|---|---|
| Case No. F12-00501-HAR | In Chapter 7 |
| In re MARGARET A. BERTRAN, | |
| Debtor(s) | |
| DONALD A. TANGWALL, Trustee of Toni 1 Trust, | ADV PROC NO F12-90037-HAR |
| Plaintiff and Counter-Defendant | **MEMORANDUM REGARDING LACK OF AUTHORITY TO FILE NOTICE OF APPEAL [ECF No. 73]** |
| v. | |
| LARRY D. COMPTON, Bankruptcy Trustee, | |
| Defendant and Counter-Claimant, | |
| BARBARA WACKER and WILLIAM WACKER, jointly and severally, | |
| Defendants. | |

Donald Tangwall filed a notice of appeal[1] from the final judgment finding that the debtor had fraudulently conveyed Montana real property and avoiding those transfers, and from the order denying a motion for reconsideration[2]. The notice of appeal appears to be both untimely and improperly filed by Donald Tangwall, and not by an attorney for him as trustee.

---

[1]ECF No. 73.

[2]ECF Nos. 68 and 69 (Memorandum Decision and Final Judgment); ECF No. 70 (Motion for Reconsideration); ECF Nos. 71 and 72 (Memorandum and Order Denying Motion for Reconsideration).

This memorandum is principally to address the second issue, the improper filing by Tangwall, himself.[3]  Even though I believe the *pro per* notice of appeal is improper, I will not *sua sponte* strike it since I am not certain that I retain jurisdiction to do so.  **I am filing this memorandum, nonetheless, to call the issue of the unauthorized pro per filing of the notice of appeal to the attention of the appellate court, which undoubtedly will have power to deal with it.**[4]

Regarding the first issue, timeliness of the notice of appeal, a *sufficient*[5] notice of appeal generally divests the bankruptcy court of jurisdiction of any matters directly involved in the appeal, such as the timeliness of the notice of appeal.[6]  The **motion for reconsideration** appears to have been timely filed on October 29, 2013, thirteen days after entry of the final judgment.[7]  But, even if Tangwall had authority to file a **notice of appeal**,[8] it appears to be untimely because it was filed eighteen days after the order denying reconsideration.[9]  However, it is the appellate court's call as to whether or not it has jurisdiction based on that issue.

---

[3]This memorandum is filed *sua sponte*,.  There is no pending motion raising the issue discussed.

[4]*Intercontinental Enterprises Inc. v. Keller (In re Blinder Robinson & Co., Inc.)*, 132 B.R. 759, 763 (D. Colo. 1991) (attorneys lacked standing to appeal an order disqualifying them from representing a creditor).

[5]*In re Combined Metals Reduction Co.*, 557 F.2d 179, 200-01 (9th Cir. 1977).  Query whether a notice of appeal by someone related to the controversy, but not authorized to represent the party as its attorney, is "sufficient."

[6]*Collier on Bankruptcy*, ¶ 8001.04 (2013 Online Ed.);  *In re Bialac*, 694 F.2d 625, 627 (9th Cir. 1982); *Petrol Stops Northwest v. Continental Oil Co.*, 647 F.2d 1005, 1010 (9th Cir. 1981);  *In re Combined Metals Reduction Co.*, 557 F.2d 179, 200-01 (9th Cir. 1977).

[7]ECF No.70, filed within 14 days of the final judgment, ECF No. 69.

[8]ECF No. 73, filed on Monday, November 18, 2013.

[9]ECF No. 72, filed on Thursday, October 30, 2013.  FRBP 8002(b).

MEMORANDUM REGARDING LACK OF AUTHORITY
TO FILE NOTICE OF APPEAL [ECF No. 73]

That said, could Joe Blow, with no authority to be involved with the case, walk in off the street and file a valid notice of appeal for the plaintiff and divest this bankruptcy court of jurisdiction?[10]  The answer is undoubtedly "No."  Closer to the facts, can Donald Tangwall, who has been ordered not to file papers on behalf of plaintiff, nonetheless file a valid notice of appeal?  Again, probably not, but can the *trial court* make that call?

The Supreme Court has said: "The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled."[11]  So, if Tangwall filed the notice of appeal in his individual capacity, as opposed to as trustee, it would be defective because he is not a party to this adversary proceeding in his individual capacity.  That is not the precise question confronting the court, however; here the notice of appeal was signed by "Donald A. Tangwall, Trustee of Toni 1 Trust," so it was filed on behalf of plaintiff Tangwall as trustee of Toni 1 Trust.

Before entry of the final judgment, Tangwall was ordered not to continue representing himself as the plaintiff trustee or continue filing *pro per* papers in this adversary proceeding.  He was required to be represented by an attorney if he wished to continue with the litigation.[12]  The Ninth Circuit has said a trustee of a plaintiff trustee, appearing only as a fiduciary, must appear through an attorney:

> Although a non-attorney may appear in *propria persona* in his own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d

---

[10] *Order Requiring Plaintiff to Appear Through an Attorney [ECF No. 34] and Dismissing Complaint [ECF No. 1].*  ECF 55, filed August 14, 2013.

[11] *Marino v. Ortiz*, 484 U.S. 301, 108 S.Ct. 586 (1988); *Felzen v. Andreas*, 134 F.3d 873, 877-78 (7ᵗʰ Cir. 1998), *affirmed* 525 U.S. 315, 119 S.Ct. 720 (1999) (nonparty shareholders are not entitled to appeal judgment against corporation issuing their shares).

[12] ECF No. 55.

MEMORANDUM REGARDING LACK OF AUTHORITY
TO FILE NOTICE OF APPEAL [ECF No. 73]

286, 288 (9th Cir.1966). He has no authority to appear as an attorney for others than himself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C.Cir.1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954). In the instant case, the record shows no matter before the district court presented by, or on behalf of, Richard Stradley. Stradley's status as trustee is fiduciary; his statutory responsibility is the orderly administration of assets. *United States v. Cooke*, 228 F.2d 667, 669 (9th Cir.1955). Here the record does not identify the Trusts' beneficiaries. Because Stradley is not the actual beneficial owner of the claims being asserted by the Trusts (so far as one can tell from the record), he cannot be viewed as a "party" conducting his "own case personally" within the meaning of Section 1654 [28 U.S.C. § 1654]. He may not claim that his status as trustee includes the right to present arguments *pro se* in federal court.[13]

In fact, not appearing through counsel, after being given ample time to procure one, was the basis for granting entry of a default.[14]

It does not seem appropriate for Tangwall to potentially stop the clock in the bankruptcy court with his unauthorized notice of appeal and hold property of the estate hostage pending an appeal. But, I have not found a convincing case in my brief research that is directly on point as to whether a notice of appeal by a *pro per* party that has previously been required to appear only through counsel may be stricken by the *trial court*.[15]

This is not an inconsequential matter. The appeal may wrongfully tie up disposition of the estate by the bankruptcy trustee for an extended period at significant expense, although the bankruptcy trustee may be able to conduct a final sale of the Montana real property if 11 USC § 363(m) is invoked.

---

[13] *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987).

[14] ECF No. 61, relying on *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987).

[15] On the other hand, many cases support the general rule of divestiture. *E.g., Hogg v. United States*, 411 F2d 578, 580-81 (6th Cir. 1969) (holding that a district court had no power to strike an IRS notice of appeal, even though the court determined that the appeal was not authorized by the appropriate IRS officer).

MEMORANDUM REGARDING LACK OF AUTHORITY
TO FILE NOTICE OF APPEAL [ECF No. 73]                                    Page 4 of 5

DATED: November 25, 2013

_____/s/ Herb Ross_____
HERB ROSS
U.S. Bankruptcy Judge

Serve:
Donald A. Tangwall, Trustee of Toni 1 Trust, π, HC10, M311, Fairbanks, AK 99701
Cabot Christianson, Esq., for Δ
Larry Compton, chapter 7 trustee
Erik LeRoy, Esq., for Δs Wacker
Cheryl Rapp, Adv. Proc. Mgr.
Janet Stafford, Adv. Closing Clerk

MEMORANDUM REGARDING LACK OF AUTHORITY
TO FILE NOTICE OF APPEAL [ECF No. 73]